# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GEORGE GRESZCZUK,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-14-0440-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: November 5, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ralph E. Avery, Esquire, Washington, D.C., for the appellant.

Aaron Baughman, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his reduction in pay band based upon his position's downward reclassification. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant serves as a general engineer with the Department of Homeland Security, Transportation Security Administration (TSA or agency) in Arlington, Virginia. Initial Appeal File (IAF), Tab 5 at 21. The agency issued the appellant notice on May 29, 2013, that it was proposing to reduce his position from a K band to a J band following an agency-wide position classification review.[2] *Id*. at 34-36. The appellant responded to the proposed reduction in pay band in writing, *id*. at 29-33, and the agency issued him a written notice that it was effecting the proposed reduction in pay band effective January 12, 2014, *id*. at 21-28. In its final notice of position reclassification, the agency explained that the appellant was entitled to 2 years of retained pay at the K pay band level. *Id*. at 25.

¶3      The appellant filed the instant appeal challenging his reduction in pay band, and he raised due process and harmful error affirmative defenses. IAF, Tab 1.

---

[2] For the purposes of this appeal, a pay band is similar to a grade, and a reduction in pay band is similar to a reduction in grade. *See Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 15 (2012) (substituting the terms pay band for grade in a constructive demotion appeal).

Following a hearing, the administrative judge issued an initial decision affirming the agency's action and denying the appellant's affirmative defenses. IAF, Tab 30, Initial Decision (ID). In her initial decision, the administrative judge found that the agency acted in accordance with law in effecting the appellant's reduction in pay band by notifying the appellant of the proposal in advance, providing him with copies of the supporting materials, and giving him an opportunity to respond. ID at 11-12. The administrative judge further found that the appellant failed to prove either of his affirmative defenses. Specifically, the administrative judge rejected the appellant's argument that the agency denied him due process when it previously transferred him to the position he held when the agency conducted the classification review and proposed the reduction in pay band. ID at 12-14. The administrative judge explained that reassignments generally are not appealable to the Board unless accompanied by an adverse action, and that the appellant failed to prove that his 2011 transfer involved either a reduction in pay or pay band. ID at 12. Based on this finding, the administrative judge found that she could not review the circumstances of the appellant's 2011 transfer, and she further found that he could not establish that the agency deprived him of due process in connection with his reduction in pay band based on the agency's prior actions. ID at 12-13. Finally, the administrative judge found that the appellant failed to prove any other due process violation based on lack of notice or an opportunity to respond, and that he also failed to prove harmful procedural error in connection with his position's reclassification. ID at 11-14.

¶4      The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, the appellant argues that the administrative judge improperly defined the issues in his appeal and erred in excluding the circumstances surrounding his 2011 transfer from consideration. *Id*. at 13-17. The appellant asserts that, had the agency properly classified his 2011 transfer as a reassignment, he could have refused the reassignment, and that

the agency would have had to initiate removal proceedings against him for failing to accept a directed reassignment. *Id*. at 15. The appellant maintains that, had this occurred, he could have challenged the nature of his 2011 transfer before the Board, and he would not have held the position of employment he did at the time of the agency's classification review. *Id*. at 28. The agency has filed an opposition in response to the petition for review, arguing that the administrative judge properly defined the issues on appeal and correctly affirmed the decision to reduce the appellant's pay band based on the agency-wide reclassification process. PFR File, Tab 3 at 11. The appellant has filed a reply in further support of his petition for review. PFR File, Tab 4.[3]

¶5    As an employee of the TSA, the appellant's appeal is governed by the Aviation and Transportation Security Act (ATSA). *See Quinlan v. Department of Homeland Security*, 118 M.S.P.R. 362, ¶¶ 4, 8 (2012), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 43 n.8 (2015). Under the ATSA, TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration under 49 U.S.C. § 40122, except to the extent that the Administrator of TSA modifies that system as it applies to TSA employees. *Quinlan*, 118 M.S.P.R. 362, ¶ 8 (citing 49 U.S.C. § 114(n)). The Board has found that it has jurisdiction over reductions in grade under 49 U.S.C. § 40122(g)(3) where an appellant does not receive grade retention and such an action was appealable to the Board as of March 31, 1996. *Id*. We thus agree with the administrative judge that the appellant's reduction in pay band is appealable to the Board. ID at 4-5.

¶6    The Board's review of a reduction in pay band or grade, however, is quite limited. *See Bobie v. Department of the Army*, 105 M.S.P.R. 592, ¶ 10 (2007). In

---

[3] The appellant has submitted an unopposed motion to file an amended reply to include the full text of a footnote, as only a portion of this footnote appeared in his original reply. PFR File, Tab 5. With his motion, the appellant attached his amended reply brief that includes the full text of the footnote. *Id.* We have considered the appellant's amended reply brief that was filed with his motion.

cases where an appellant has suffered a reduction in grade due to a downward reclassification decision, the Board's review of the agency's action is limited to whether the agency's action in effecting the reduction in grade was in accordance with law. *See Quinlan*, 118 M.S.P.R. 362, ¶ 9. In conducting such an assessment, the Board will look to whether the agency adhered to its internal management directives in determining whether its actions were taken in accordance with law. *Id*.; *see Gibson v. Department of the Navy*, 20 M.S.P.R. 274, 277 (1984) (finding that the scope of review in an appeal of a reduction in grade due to a downward reclassification is limited to determining whether the agency showed that the reclassification decision comported with law).

¶7        We agree with the administrative judge that the agency demonstrated it effected the appellant's reduction in pay band in accordance with law. The agency submitted preponderant evidence below that, consistent with its internal policies, it provided the appellant advanced notice of its proposed reclassification of his position and corresponding reduction in pay band, a copy of the materials in support of its proposal, and an opportunity to reply. IAF, Tab 5 at 21-60; *Quinlan*, 118 M.S.P.R. 362, ¶ 10. The appellant has not specifically challenged these findings on review, and we concur with the administrative judge that the agency complied with its internal policies and directives when it proposed the appellant's reduction in pay band. ID at 11-12. Accordingly, under the Board's limited review of a reduction in grade based on a downward reclassification decision, we find that the agency's action comports with law and was properly affirmed by the administrative judge. *See Quinlan*, 118 M.S.P.R. 362, ¶¶ 9-10; *Gibson*, 20 M.S.P.R. at 277.

¶8        The appellant devotes a substantial portion of his arguments on review to the propriety of the agency's previous decision to transfer him to the position he held when the agency proposed his reclassification. PFR File, Tab 1 at 10-17. On review, he asserts that the administrative judge erred in framing the issues on appeal when she excluded the circumstances of this transfer from consideration

and when she precluded him from introducing evidence concerning this transfer prior to the hearing. *Id.* at 11-12; IAF, Tab 20.

¶9     We find the appellant's arguments lack merit in this regard. The appellant filed the instant appeal in February 2014, after he received the agency's final decision reclassifying his position and reducing it from a K pay band to a J pay band. *See* IAF, Tab 1; IAF, Tab 5 at 21-28. The only operative adverse action at issue in this appeal is the reduction in pay band based on that reclassification decision. The appellant has offered no argument or explanation as to why he did not initiate an earlier challenge to his 2011 transfer. More importantly, as explained by the administrative judge, the Board does not have jurisdiction over a reassignment that does not involve an appealable adverse action. ID at 12-13 (citing *Brown v. Department of Justice*, 20 M.S.P.R. 524, 527 (1984)). Here, there is no evidence that the appellant's 2011 transfer was either accompanied by a corresponding reduction in pay or grade, or was taken in connection with the instant reduction in pay band, thus making it part of the same appealable action under a unified penalty theory. *See Welch v. Department of Agriculture*, 37 M.S.P.R. 18, 21 (1988) (explaining that the Board would have jurisdiction to consider a reassignment that accompanies or implements an appealable adverse action as a portion of the penalty imposed by the agency). We further agree with the administrative judge that the Board is without the authority to consider either the merits of the appellant's 2011 transfer or the merits of the reclassification decision that lead to the reduction in pay band at issue in this appeal. *See Bobie*, 105 M.S.P.R. 592, ¶ 10; *Gibson*, 20 M.S.P.R. at 277.

¶10    We also find no support for the appellant's theory that the agency committed harmful procedural error in effecting his 2011 transfer, which in turn caused the agency to not follow its internal processes for effecting the reduction in pay band in dispute. PFR File, Tab 1 at 18-22. We emphasize that the action at issue in this appeal is the agency's January 2014 decision to reduce the appellant's position classification from a K pay band to a J pay band. Pursuant

to 5 U.S.C. § 7701(c)(2)(A), an agency's action may not be sustained where an appellant proves "harmful error in the application of the agency's procedures at arriving at such a decision." We find that, because the appellant focuses his allegations of harmful error on an agency action not before the Board in this appeal, he has failed to prove that the agency committed harmful procedural error warranting the reversal of the reduction in pay band.[4] *See Osokow v. Office of Personnel Management*, 25 M.S.P.R. 319, 325 (1984).

¶11    Finally, we have considered the appellant's argument that he was denied due process. To the extent the appellant alleges that his 2011 transfer violates due process, PFR File, Tab 1 at 15-17, the circumstances of his 2011 transfer are not before the Board in this appeal. We agree with the administrative judge, moreover, that the agency provided the appellant advanced written notice of its proposed reduction in pay band and an opportunity to respond, thus adhering to the tenets of due process. *See Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 10 (2014); ID at 13.

¶12    For the aforementioned reasons, the appellant's petition for review is denied and the administrative judge's initial decision sustaining the appellant's reduction in pay band is affirmed.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[4] We also have reviewed the agency's internal processes and find that they do not require the agency to confirm that the employee has been properly transferred into a position before the agency can reclassify that position and effect a reduction in pay band. IAF, Tab 5 at 61-68. We thus agree with the administrative judge that the appellant has not demonstrated harmful procedural error regarding the application of the agency's reclassification process. ID at 12.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                     _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.